J-S47015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL DAVID COOPER | : | |
| | : | |
| Appellant | : | No. 2084 EDA 2023 |

Appeal from the PCRA Order Entered July 6, 2023
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0004930-2018

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:               **FILED APRIL 1, 2024**

Appellant, Michael David Cooper, appeals *pro se* from the July 6, 2023, order of the Court of Common Pleas of Montgomery County, which denied his petition for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The factual and procedural background of the instant appeal is not contested. Briefly, on March 13, 2019, Appellant pled nolo contendere to simple assault and possessing a weapon. As part of a negotiated plea, the trial court sentenced Appellant to one to two years' imprisonment, followed by two years' probation consecutive to parole, with time credit for time served from July 6, 2018, through March 13, 2019. Appellant did not file a post-sentence motion or direct appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

On November 5, 2019, Appellant filed his first PCRA petition, which the PCRA Court dismissed on October 2, 2020. Appellant's appeal of the October 2, 2020 order was dismissed by this Court on March 19, 2021 for failure to file a brief. *See Commonwealth v. Cooper*, No. 2331 EDA 2020, Order (Pa. Super. filed March 19, 2021).

On November 1, 2022, Appellant filed the underlying petition. "The gist of it seems to be that his sentence of March 13, 2019, was illegal because he 'was never charge[d] with weapon possession,' . . . and the Commonwealth's "lack of formal notice in the information violated [his] right to due process of law." PCRA Court Final Order Dismissing Petition for Post-Conviction Relief, 7/6/23, at 2 (citations omitted) (alteration in original). The PCRA court dismissed the petition as untimely. Specifically, the PCRA court found that the petition was facially untimely, and that Appellant failed to plead and prove the applicability of the exceptions to the PCRA time-bar rules. *Id.* at 4.[1] This appeal followed.

On appeal, Appellant, once again, raises multiple substantive claims, failing, however, to address the timeliness of his underlying petition.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and

---

[1] On the merits, the PCRA noted that "[t]he central premise of the petition is mistaken. Count 6 of the criminal information filed October 30, 2018, charges possession of 'a firearm and/or [sic] other weapon,' Information ct. 6 – specifically knife – 'concealed about his/her [sic] person to employ it (them) [sic] criminally,' citing 18 Pa.C.S. 907(b)." PCRA Court Order, 7/6/23, at 3.

free of legal error. ***See***, ***e.g.***, ***Commonwealth v. Jarosz***, 152 A.3d 344, 350 (Pa. Super. 2016). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010).

A review of the record reveals that Appellant also is not entitled to PCRA relief because he has completed the sentence for the crime for which he was convicted.

To be eligible for relief, a PCRA petitioner must establish by a preponderance of the evidence that he meets the requirements set forth in 42 Pa.C.S.A. § 9543(a)(1). Specifically, a petitioner must plead and prove by a preponderance of the evidence that he is "*currently* serving a sentence of imprisonment, probation[,] or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i) (emphasis added). A petitioner who has completed his sentence is "no longer eligible for post[-]conviction relief." ***Commonwealth v. Soto***, 983 A.2d 212, 213 (Pa. Super. 2009); ***see also Commonwealth v. Turner***, 80 A.3d 754, 765 (Pa. 2013) ("[D]ue process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence.").

The record reveals that Appellant was sentenced to two concurrent terms of one to two years' incarceration (730 days), followed by two years' probation. He received credit for time served from July 6, 2018, through March 13, 2019 (250 days). Thus, it appears that Appellant completed his state sentence/parole on July 5, 2020. At that time, his two-year probation

began. Counsel for the Commonwealth "confirmed with the Pennsylvania Board of Probation and Parole that defendant is no longer serving a sentence in this case," Commonwealth's Brief at 13, and that Appellant's "probation maxed out and was administratively closed on July 6, 2022." *Id.*

Because Appellant is not serving a sentence in this case, he is ineligible for PCRA relief. *Soto*, *supra*.[2]

In any event, even if eligible for relief, we would agree with the PCRA court that the underlying petition is untimely. As noted, Appellant did not file a direct appeal from his judgment of sentence. Thus, his sentence, for purposes of PCRA, became final at the expiration of the 30-day period to file the appeal, or on April 12, 2019. 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final at conclusion of direct review or at expiration of time for seeking that review). Appellant then had one year, or until April 13, 2020, to file a timely PCRA petition. *See* 42 Pa. C.S.A. §9454(b)(1). Because the underlying petition was filed on November 1, 2022, the petition is facially untimely. Additionally, failed to plead and prove that the petition met any exception to the PCRA time bar. *See* PCRA Petition, 11/1/22; Appellant's Brief, 1-5.

Accordingly, even if eligible for PCRA relief, because the underlying petition is untimely, we would not have reviewed the merits of the petition.

---

[2] While Appellant was serving his sentence at the time of the filing of the underlying PCRA petition, he completed his sentence prior to any final adjudication of his petition. Accordingly, Appellant is not eligible for relief. *See*, *e.g.*, *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997).

*See Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999) (if the PCRA petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition).

In light of the foregoing, we affirm the July 6, 2023 order of the PCRA court dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/1/2024